CALHOUN ET AL. *v.* COUNTY BOARD OF APPEALS
OF BALTIMORE COUNTY ET AL.

[No. 428, September Term, 1970.]

*Decided June 1, 1971.*

The cause was argued before HAMMOND, C. J., and
BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and
DIGGES, JJ.

*Thomas G. Bodie* and *William E. Brannan,* with whom were *Robert J. Ryan, Moore, Hennegan, Brannan & Carney* and *Gordon G. Power* and *Power & Mosner* on the brief, for appellants.

*Richard C. Murray* for North Baltimore Hunting and Fishing Association, part of appellees. Submitted on brief by *R. Bruce Alderman* and *Maurice W. Baldwin, Jr.,* for County Board of Appeals of Baltimore County, other appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Neighbors who objected to regular and extensive skeet and trap shooting and rifle practice on the property of North Baltimore Hunting and Fishing Association, Inc. (North Baltimore) located on Spooks Hill Road, Parkton, in Baltimore County, complained that these controlled explosions violated the law because not permitted in the zoning classification which covers the property. The Board of Appeals, in affirming the Zoning Commissioner's finding that there was no violation, said: "The testimony given in this case is somewhat vague, contradictory and is reasonably debatable as to when shooting activities actually commenced on the subject property." The holding was "that firearms shootings on the subject property were a legal non-conforming use at the time of the adoption of the 1945 Zoning Regulations, and that such status has been preserved through a continuity of use to the present date and thereby enjoys the right to be legally continued * * *." Judge Haile affirmed the Board. We reverse, finding there was no evidence that would support a finding that a non-conforming use existed on January 2, 1945, the day the zoning law of Baltimore County first became effective.

North Baltimore acquired the property from Govans Beagle Club, Inc. in August 1948. Govans had bought it from John and Ida Baublitz in December 1946. The only witness for North Baltimore who came even close to tes-

timony that would support a finding that there was regular shooting on the property prior to January 2, 1945 (other than an occasional hunter or an occasional shot over the beagles that Govans trained and ran) was Lee Bishop, who testified that Govans used the land for two years prior to December 1946 "to run dogs," "very seldom" "shooting over [the] dogs, to keep them from being gun-shy," and at times in 1945 and 1946 using a hand trap for trap shooting. On cross he was asked whether there had been shooting prior to 1945 and 1946. He replied: "Only in hunting. I have hunted through there with Mr. Stallknecht, but I can't tell you the exact dates of when it was. * * * We run beagles according to the American Kennel Club, and try to make champions out of them. The only shooting we do, the shooting over gun dogs, to keep them from being gun-shy."

The protestants produced a number of witnesses who had lived nearby continuously before and after 1945, including Mrs. Matthews, a daughter of the Baublitzes who lived on the land in 1945, and each testified with clarity and force that the earliest shooting on the property was well after 1946, perhaps as late as 1950.

The burden of proving a non-conforming use is on the claimant of the use. According to 2 *Metzenbaum, Law of Zoning* (2d Ed.) 1233, this proposition is both axiomatic and court-sustained. We said in *Vogl v. Mayor & C. C. of Balto.*, 228 Md. 283, 288: "There can be little doubt that each claimant must assume the burden of establishing the existence of a non-conforming use at the time of the passage of the prohibiting zoning ordinance."

North Baltimore had the burden of showing that the use it now claims as of right existed on January 2, 1945. An important way to meet that burden is to show that the existence of the use was known to the neighbors at the critical time. *Feldstein v. Zoning Board*, 246 Md. 204, 210; *Richmond Corp. v. Bd. of Co. Comm'rs*, 254 Md. 244, 256. There was no testimony of this here; all the testimony was to the contrary. We do not think a reasoning mind could rationally find from the testimony in

favor of North Baltimore that the use was there on January 2, 1945. There was nothing to debate.

North Baltimore argues that Govans operated on the land as a private club before 1945 and now may use the property for any purpose any private club uses any land. The Board made no finding on the point and we think the evidence showed no more than a casual and occasional use of the property for any purpose prior to 1945. Occasional or casual use does not create a right to a nonconforming use. *Mayor & C. C. of Balto. v. Shapiro,* 187 Md. 623, 634; *Daniels v. Board of Zoning Appeals,* 205 Md. 36, 41. If it be assumed that Govans did operate as a private club before 1945, the 1945 law which permitted undefined private clubs did not allow rifle ranges and skeet and trap shooting ranges in residential areas except by permit on a temporary basis, and subject to restrictions and safeguards. We think the generality of the law as to private clubs would not extend to the specific provisions in the same law as to shootings but would be restricted by the specific provisions. It appears to us that the present uses of the land, assuming some form of nonconforming use existed on January 2, 1945, would not be a permissible intensification of use but an impermissible extension. *Jahnigen v. Staley,* 245 Md. 130, 137-138.

> *Order reversed, with costs, and case remanded for the entry of an order appropriate under the opinion herein.*